BENTON BLEDSOE ET AL. V. GONZALES COUNTY.

Where the defendant objected to a witness, to prove damages in not finishing work according to contract, on the ground that an architect was to determine the measure of damages, and the architect had not been called, but the contract only stipulated that the payments should be made on the certificate of the architect that he approved the work, the objection to the evidence was not well taken.

ERROR from Gonzales.  The case was tried before Hon. J. J. HOLT, one of the district judges.

The suit was upon a bond to secure the building of a court-house, according to contract, plan, and specifications. The work was to be done according to certain specifications, and the payments were to be made upon the certificates of Payne of his approval of the quality of the work; but it was not specified that, should there be a failure, Payne should certify or assess the damages.  The county court reserved the right to annul the contract.  The breaches assigned were the non-performance of the contract in

not finishing the house in certain particulars. There was no question about the quality of the work already performed. When witnesses were called to testify as to the damages by non-performance, or rather what it would cost to finish, the defendants objected to anybody proving this but Payne. The court overruled the objection, to which the defendants excepted. There was no statement of facts. There were a verdict and judgment against the defendants, and they prosecuted error.

*Albert N. Mills*, for plaintiffs in error.—The contract provided a mode by which the value of the unfinished work and unused materials should be ascertained. This mode was a part of the agreement.

An architect was selected to overlook the work, draw the plan, specifications, and the like. He (Payne) was the party agreed upon, when the contract was made, who should find the value of the unfinished work or what it would cost to complete it. He was peculiarly the best judge, and for that reason he was selected.

Payne was not called as a witness, he was not proved dead, or not within the jurisdiction of the court.

No brief for defendant in error has been furnished to the *Reporter*.

MORRILL, C. J.—Suit by the defendants in error against the plaintiffs and others for violation of a contract for the erection of a court-house, and judgment for $2,000.

The only error assigned and relied on is, that the plaintiffs were permitted to prove by Darst and Grayson the cost of finishing the court-house agreeably to specification, instead of Payne, the architect.

The contract specified that the work was to be done to the satisfaction of Charles Payne, the architect, and to be testified by a writing under the hand of Payne. The non-

production of this certificate of Payne furnishes one of the causes of action. The appeal appears to have been taken for delay.

AFFIRMED WITH DAMAGES.